ALDER et al. v. GUGGENHEIM et al. (Circuit Court, S. D. New York. October 11, 1898.) George C. Lay and Thomas P. Wickes, for complainants. John P. Bennett and Joseph H. Choate, for defendants.

LACOMBE, Circuit Judge. This is a suit closely similar to Huber v. Guggenheim, in which an opinion was filed yesterday. 89 Fed. 598. The con-

tract, which is substantially the same as in the Huber Case, calling for 100,000 stamps during the life of the patent, was signed by Engler, one of the firm of Alder, Rappolt & Co., on May 20, 1889, at St. Gall. Reference to the opinion filed in the Huber Case will sufficiently indicate the reasons for the disposition of this suit, the evidence in the two suits being in most particulars the same. It appears that negotiations between the parties began on May 17th, and that at the first interview, as two of the complainants testify, Solomon Guggenheim told them, among other things, that the Union was licensed for the term of the patent. Thereafter, and before concluding the negotiations, one of them called on Mr. Hoffman, one of the partners in the Union, and was informed by him that this could not be, since Klingler, the person who acted for the Union in America (the Union contract was signed in New York, May 11th), was not empowered to make a contract for more than three years. In their succeeding interview with Solomon they told him of this statement of Hoffman, and he "assured [them] again that under no circumstances would he make a contract for less than the whole life of the patent," and they thereupon signed their contract. In December, 1889, they were informed by their agent here that the Union people in the United States asserted that "the Union only guarantied for three years," but they seem not to have made this the subject of any protest to defendants, nor to have taken any action in repudiation of their contract, until two years later. These circumstances indicate pretty clearly how insignificant was the consideration given to the term for which the Union had bound itself. Indeed, the proofs in this case, more strongly, even, than in the Huber Case, show that the inducement to the making of these contracts was found in the belief in the validity and scope of the patent, and in the situation created by the announcement of defendants' intention to sell no more stamps except under their new contracts of license. The bill is dismissed, with costs.